YOUNG v. UNITED STATES MORTGAGE & TRUST CO.   (No. 7555.)

(Supreme Court, Appellate Division, First Department.   July 9, 1915.)

CORPORATIONS ⬨⮑308—OFFICERS—SALARY—CONTRACTS—EVIDENCE.

The president of a corporation demanded as additional salary 5 per cent. of the net profits of the business, under a contract therefor partly oral and partly in writing. A resolution of the executive committee of the corporation, approved by the directors, recited that the committee recommended to the board that they be authorized to award to the president, in addition to his regular salary; a participation in the net profits. The president testified that his arrangement with the chairman of the committee was prior to the resolution. Subsequently the executive committee passed a resolution providing for the payment of an honorarium to the president, consisting of a percentage of the net earnings for six months ending on a prior date. A similar resolution was passed at a subsequent date, and the president was paid the specified sums under the last two resolutions. Thereafter he made no demand on the corporation for further payment until after he ceased to be president. *Held,* that a verdict that there was a contract between the president and the corporation binding it to pay any part of its profits in the future was against the weight of the evidence, and was properly set aside.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1334–1349; Dec. Dig. ⬨⮑308.]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

On reargument, after decision by the Court of Appeals remitting the case to the Appellate Division to pass on the facts. Order setting aside verdict and granting new trial affirmed.

See, also, 214 N. Y. 279, 108 N. E. 418.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Austen G. Fox, of New York City, for appellant.
John M. Bowers, of New York City, for respondent.

McLAUGHLIN, J. Appeal from an order setting aside a verdict on the ground that it is against the weight of evidence. This is the second argument of the appeal. On the first the court was of the opinion that the evidence did not justify the jury in finding the existence of the contract alleged, and dismissed the complaint; the plaintiff having stipulated, if the court reached that conclusion, such disposition might be made of the appeal. Young v. United States Mortgage & Trust Co., 156 App. Div. 515, 141 N. Y. Supp. 364. An appeal was taken to the Court of Appeals, where it was held that this court erred in dismissing the complaint, since there was some evidence from which the jury might have found that the contract claimed by the plaintiff was made, and that the verdict having been set aside by the trial court as against the weight of evidence, and that question not having been passed upon by this court, the proper disposition of the appeal was to remit the matter to this court to pass upon the facts. Young v. United States Mortgage & Trust Co., 214 N. Y. 279, 108 N. E. 418. This was accordingly done, and the question

now presented, under the remittitur of the Court of Appeals, is whether the trial court was justified in setting aside the verdict as against the weight of evidence.

While the decision of this court upon the former argument was to the effect that the plaintiff had failed, as matter of law, to establish the contract alleged, nevertheless it is apparent from the opinion delivered that the facts were examined and a conclusion unanimously reached that the verdict was against the weight of evidence. The court said:

"At the conclusion of the trial the evidence did not * * * justify the jury in finding that the defendant was in any way indebted to the plaintiff. * * * The resolution of June 22d did not bind the defendant to pay anything. It was, at most, but a recommendation to the board of directors to authorize the executive committee to pay to the president a portion of the profits, not for any particular time, but solely during the pleasure of the board. This was so understood by the executive committee, as evidenced by its subsequent acts with reference to the payments, because in each instance reference was made to the approval of the board of directors. It was also so understood by the plaintiff, as evidenced by the fact that he made no claim for extra compensation, and in the reports made to the superintendent of banks, verified by him, no reference was made as to the defendant's being under any liability for extra compensation. It is incredible, if the plaintiff supposed he had a claim for which defendant was legally liable, that the reports would have been verified by him without some reference to it. The resolutions and the acts of the parties clearly and conclusively, as it seems to me, establish that the plaintiff's claim here sought to be enforced has no legal foundation whatever."

But, irrespective of the views entertained by this court on the former argument as to whether the verdict was against the weight of evidence, I think the trial court properly set the verdict aside. The plaintiff's claim is that in June, 1899, the defendant promised to pay him, as additional salary, 5 per cent. of the net profits of the business; that the contract was partly oral and partly written; that the oral part consisted of a conversation with Mr. McCurdy, chairman of the executive committee; and that the written part consisted of a resolution of the executive committee, approved by the board of directors, as follows:

"Resolved, that the executive committee recommend to the board that they be authorized to award to the president, in compensation for his services, and in addition to his regular salary, a participation in the net profits of the company during the pleasure of the board."

The Court of Appeals held that this resolution, as ratified and approved by the board of directors, while some evidence of a contract, did not establish one; that it did not purport to express the terms of any contract, and upon the view most favorable to the plaintiff it merely authorized the executive committee to make a contract. The plaintiff testified that his arrangement with Mr. McCurdy was prior to the adoption of the resolution by the executive committee and its subsequent approval by the board of directors; that after he had had his talk with Mr. McCurdy they both attended a meeting of the executive committee, when the resolution in question was passed. It seems inconceivable to me, if the arrangement as testified to by the

plaintiff with Mr. McCurdy had been made, and the same had been reported to the executive committee, that it, in ratification and approval, subject, of course, to the action of the board of directors, would have passed the resolution in the form which it did. Plaintiff's claim is that he was to have 5 per cent. of the net profits of defendant's business during the time he remained president of the company. The resolution does not so declare; on the contrary, he is to have a percentage, just how much is not stated, not for any specified time, but "during the pleasure of the board." The resolution contemplated future and not past action. That the committee did not suppose, when it was passed, that it had entered or was entering into a contract with the plaintiff on the terms agreed upon between him and Mr. McCurdy, is also evidenced by the further fact that when the matter again came before the executive committee on January 18, 1900, the resolution passed by it was:

"Resolved, that pursuant to the resolution of the executive committee passed June 22, 1899, approved by the board of directors on the same day, providing for the payment of an honorarium to the president, consisting of a percentage of the net earnings of the company, the executive committee hereby authorizes the payment to the president of 5 per cent. of the net earnings of the company as determined for the six months ending December 31, 1899."

It is also significant that the words "of an honorarium" and the word "consisting" were written into the resolution after the same was offered and before it was passed.

In pursuance of this resolution the defendant paid the plaintiff $19,270, and in pursuance of a similar resolution passed December 26, 1901, plaintiff was paid $56,721.30. Thereafter plaintiff made no demand upon defendant for a further payment until after he ceased to be president of the company, when he presented the claim in suit. Not only this, but every six months after the contract is alleged to have been made plaintiff made a report to the defendant, and a verified report to the superintendent of banks, as to the assets and liabilities of the company—the last one just before he ceased to be president. In none of these reports is there a statement to the effect that he had a claim against defendant for extra compensation. Nor was there any entry made in any books of the defendant which, upon an examination, would have disclosed the existence of the contract, or any obligation to pay the plaintiff any part of the sum here sought to be recovered.

After considering all of the evidence bearing upon the existence of the alleged contract, and the acts of both parties after such contract is alleged to have been made, I am unable to reach a conclusion other than that the verdict of the jury was against the weight of evidence, and for that reason was properly set aside.

The order appealed from, therefore, is affirmed, with costs to the respondent to abide the event of the new trial.

INGRAHAM, P. J., and LAUGHLIN and SCOTT, JJ., concur. DOWLING, J., dissents.